Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

THOMASINA CAPUTO,

　　　　Plaintiff,

　　v.

HOLLAND AMERICA LINE, INC.,

　　　　Defendant.

C09-1096-JCC

**ORDER**

This matter comes before the Court on Defendant's motion for summary judgment. (Dkt. No. 35). The Court has considered Defendant's motion, Plaintiff's response to the motion (Dkt. No. 40), and Defendant's reply thereto. (Dkt. No. 43). The Court has also considered the parties' various supporting declarations and exhibits, and has determined that oral argument is unnecessary. For the reasons explained below, the Court hereby DENIES Defendant's motion.

ORDER, C09-1096-JCC
Page 1

## I. BACKGROUND

This case deals with a trip-and-fall aboard a cruise ship.[1] In November 2007, Plaintiff Thomasina Caputo and her husband Leonard Caputo were passengers on the Noordam, a cruise ship owned by Defendant Holland America Line. (Pl. Mot. 2 (Dkt. No. 40)). On the second day of their eleven-day Caribbean cruise, Plaintiff caught her heel on a metal threshold separating the atrium and elevator lobby. Plaintiff, who is eighty-one years old, suffered a serious trip and fall, fracturing her right hip. (*Id.*). Defendant has submitted some color photographs of the threshold, which show that it is made of brass-colored metal and separates two sections of blue carpet. (Photographs (Dkt. No. 38-2)). The parties have otherwise failed to describe the threshold with specificity, by providing, for example, measurements of its elevation or angle of incline.

In support of its summary-judgment motion, Defendant submits the declaration of Mr. Stuart Daw, a Holland security officer who was aboard the vessel on the day of the accident. Mr. Daw investigated the scene of the accident, including the metal threshold, and found no defects or other abnormalities. (Daw Decl. 1 (Dkt. No. 37)). In deposition testimony, Plaintiff generally agrees with Mr. Daw's assessment. (T. Caputo Dep. 23 (Dkt. No. 36-2 at 9)). Defendant also submits the declaration of Mr. Michiel Versteeg, Holland's director of compliance programs. (Versteeg Decl. 1 (Dkt. No. 36-1)). Mr. Versteeg explains the purpose of the metal threshold over which Plaintiff tripped and fell. He states that the Safety of Life at Sea Convention requires that vessels be divided into main fire zones, capable of being sealed by fire screen doors. Mr. Versteeg states, "For such a door to be fire-resistant and prevent the spread of smoke, a metal threshold is required to be installed on the floor where the bottom of the fire screen door would seal the door in its closed position." (*Id.* 2).

In opposition of Defendant's motion, Plaintiff submits the declaration of Dr. Richard Gill, a former professor of mechanical engineering who specializes in safety and risk management. (Gill Decl.

---

[1] Because this matter is before the Court on Defendants' motion for summary judgment, all facts are taken in the light most favorable to Plaintiff. *See Scheuring v. Traylor Bros., Inc.*, 476 F.3d 781, 784 (9th Cir. 2007).

2 (Dkt. No. 40-3)). Dr. Gill states that businesses like cruise-ship companies must maintain a "safety and risk-management program," which should "control known hazards, particularly fall hazards." (*Id.* 4). To form his conclusions in this case, Dr. Gill consulted, *inter alia*, color photographs of the threshold over which Plaintiff tripped and fell. (*Id.* 2). He criticizes its design as unsafe. As Dr. Gill states, "[A] common way to control the trip hazard of a threshold is to partially embed it in the floor and/or install a gently sloping transition (*e.g.*, a strip of hardwood flooring) on each side. [Defendant] should have used this design feature to protect its passengers from injury." (*Id.* 8). At the very least, Dr. Gill states, Defendant "should have marked the hazardous threshold (*e.g.*, mark it with safety yellow and black diagonal stripes), or at least posted a warning sign alerting pedestrians to 'Watch Your Step.'" (*Id.* 9).

## II.  APPLICABLE LAW

To establish a claim for negligence at maritime law, "a plaintiff must establish the following elements: (1) the defendant was under a duty to the plaintiff to use due care; (2) the defendant breached that duty; (3) the plaintiff suffered damages; and (4) the breach of the duty proximately caused the plaintiff's damages." CHARLES M. DAVIS, MARITIME LAW DESKBOOK 139 (2010). The owner of a vessel owes a duty of reasonable care to all passengers. *In re Catalina Cruises*, 137 F.3d 1422, 1425 (9th Cir. 1998). As the Supreme Court has stated, "It is a settled principle of maritime law that a shipowner owes the duty of exercising reasonable care toward those lawfully aboard the vessel who are not members of the crew." *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 630 (1958). What constitutes reasonable care depends on the circumstances of each individual case. *Id.* at 632. When the circumstances of the case are not unique to maritime travel, a shipowner owes passengers a duty of ordinary reasonable care. *See Catalina Cruises*, 137 F.3d at 1425.

At maritime law, a plaintiff's contributory negligence does not bar recovery. *The Max Morris v. Curry*, 137 U.S. 1, 14–15 (1890). As the Supreme Court stated in the leading case, "The mere fact of the negligence of the libelant as partly occasioning the injuries to him, when they also occurred partly

1 through the negligence of the officers of the vessel, does not debar him entirely from a recovery." *Id.* at 15 (adopting the doctrine of comparative fault at maritime law); *see also Reinhart v. United States*, 457 F.2d 151, 152 (9th Cir. 1972).

### III. LEGAL STANDARD

Rule 56 of the Federal Rules of Civil Procedure governs the entry of summary judgment. In relevant part, Rule 56 provides that "[t]he judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). In determining whether a genuine issue of material fact exists, this Court views all evidence in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–50 (1986). A genuine issue of material fact exists if a reasonable fact-finder could find for the non-moving party. *Liberty Lobby*, 477 U.S. at 251 (stating that the inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law").

Summary judgment is rarely granted in maritime negligence cases because the issue of whether the defendant acted reasonably is ordinarily a question for the trier of fact. *Christensen v. Georgia-Pacific Corp.*, 279 F.3d 807, 813 (9th Cir. 2002). Issues of foreseeability and causation are generally inappropriate for summary judgment; these questions "particularly lend themselves to decision by a jury." *Wyler v. Holland America Line*, 348 F.Supp.2d 1206, 1209 (W.D. Wash. 2003).

### IV. DISCUSSION

Defendant argues that this Court should grant summary judgment because Plaintiff "has failed to raise a genuine issue of material fact that [Defendant] breached a duty or caused her alleged injuries." (Def. Mot. 2 (Dkt. No. 35)). Defendant argues that it cannot be said to have breached a duty to Plaintiff

because it designed and maintained the threshold as a reasonable shipowner would have designed and maintained it. (*Id.* 10–12). Defendant argues that it cannot be said to have caused Plaintiff's injuries because Plaintiff "testified that she saw the threshold before she attempted to step over it, and simply failed to pick up her foot high enough." (*Id.* 12).

Defendant's arguments fail. With respect to whether Defendant breached a duty, Dr. Gill's declaration testimony raises genuine issues of material fact. Dr. Gill states that trips-and-falls are the second-leading cause of accidental death and injury in the United States today, after automobile accidents. (Gill Decl. 4 (Dkt. No. 40-3)). Given the prevalence of death and injury from trips-and-falls, Dr. Gill states that "any safety and risk-management program as it applied to Holland vessels would have to address the foreseeable hazards associated with falls, particularly given the additional hazards unique to a marine environment and the anticipated elderly age of many of the patrons." (Gill Decl. 4 (Dkt. No. 40-3)). Dr. Gill concludes that Defendant's threshold design fails to address these hazards. Viewing this evidence in the light most favorable to Plaintiff, a reasonable fact-finder could conclude that Defendant installed a threshold on its ships that would foreseeably cause passengers to trip and fall, thereby breaching the standard of reasonable care it owed to Plaintiff.[2]

With respect to proximate cause, Plaintiff testified during her deposition that she tripped and fell when her heel caught in the threshold. (T. Caputo Decl. 13 (Dkt. No. 40-2 at 6)). The threshold was therefore a cause-in-fact of Plaintiff's fall. Defendant argues that it cannot be said to have proximately caused the fall, however, because Plaintiff "saw the threshold across the doorway before she attempted to cross it, but simply failed to lift her foot up high enough to step over it[.]" (Def. Mot. 3 (Dkt. No.

---

[2] Defendant states in briefing that regulations issued pursuant to the Safety of Life at Sea Convention require metal thresholds between fire zones on vessels. (Def. Mot. 2, 7, 11–12 (Dkt. No. 35)). Defendant fails to cite any authority holding that the Convention preempts maritime tort remedies.
  Background tort principles of reasonableness and foreseeability apply to all of Defendant's actions, including regulatory compliance. Defendant had a duty to its passengers to comply with Convention regulations as a reasonable shipowner would comply with them—in a way that minimizes foreseeable harm to passengers. Plaintiff survives summary judgment because she has adduced sufficient evidence tending to show that Defendant complied with the regulations in an *unreasonable* manner.

35)). This Court need not resolve whether Plaintiff tripped and fell because of Defendant's allegedly negligent design or whether it was because of her own failure to lift her foot. Resolving such an issue on strictly logical grounds is impossible. As the Supreme Court has stated, "In a philosophical sense, the consequences of an act go forward to eternity, and the causes of an event go back to the dawn of human events, and beyond." *Exxon Co. v. Sofec, Inc.*, 517 U.S. 830, 838 (1996). In part for this very reason of intractability, "[t]he issues of proximate causation and superseding cause involve application of law to fact, which is left to the fact-finder[.]" *Id.* at 840–41. Because a reasonable fact-finder could find that the threshold was a proximate cause of Plaintiff's fall, her claim survives summary judgment.[3]

## V.  CONCLUSION

For the aforementioned reasons, the Court hereby DENIES Defendant's motion for summary judgment. (Dkt. No. 35).

SO ORDERED this 25th day of May, 2010.

JOHN C. COUGHENOUR
United States District Judge

---

[3] A reasonable fact-finder could find that Plaintiff's failure to lift her foot constituted contributory negligence, and that this was also a proximate cause of her injuries. This would not necessarily prevent Plaintiff from recovering. *See The Max Morris*, 137 U.S. 1, 14–15 (1890).